**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARACELI JAVIER, | No. 13-71672 |
| Petitioner, | Agency No. A086-920-257 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[***] Senior
District Judge.

Araceli Javier petitions for review of the decision of the Board of

Immigration Appeals (BIA) affirming an immigration judge's (IJ) determination

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

that she was inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(C) because there was "reason to believe" she participated in the trafficking of a controlled substance. Because "reasonable, substantial, and probative evidence" supports the determinations made by the agency, we dismiss Javier's petition for lack of jurisdiction. *See Gomez-Granillo v. Holder*, 654 F.3d 826, 831 (9th Cir. 2011); *see also Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

In 2001, officers with the Las Vegas Metropolitan Police Department stopped a vehicle driven by Javier's ex-boyfriend in which she was a passenger. Officers found 35.6 grams of cocaine concealed within the vehicle, and after searching Javier, discovered a plastic bag containing $3,900.00 in cash tucked between her buttocks. Police arrested Javier and the state charged her with a violation of Nev. Rev. Stat. § 453.3385 (trafficking in a controlled substance) and a violation of Nev. Rev. Stat. § 453.321 (transporting a controlled substance). Per negotiations, the state later dismissed the criminal charges against Javier and she stipulated to forfeiture of the seized cash.

In light of the factual record before it, the agency's conclusion that there was "reason to believe" that Javier knowingly aided, assisted, or colluded with her ex-boyfriend in the illicit trafficking of cocaine is supported by substantial evidence. *See* 8 U.S.C. § 1182(a)(2)(C)(i). Given the circumstances of Javier's arrest—she

was a passenger in a vehicle containing a significant amount of cocaine with nearly $4,000.00 in cash hidden between her buttocks—and her decision not to contest the civil forfeiture of the confiscated cash, we believe that the agency's conclusion is "based on reasonable, substantial, and probative evidence" and "must be affirmed." *Alarcon-Serrano*, 220 F.3d at 1119.

Javier's arguments to the contrary are unavailing. Although criminal charges against Javier were dropped by the state, § 1182(a)(2)(C) "does not require a conviction in order for [an] alien to be deemed removable." *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004). Additionally, while Javier offered a non-criminal explanation for her behavior, neither the IJ nor the BIA was required to accept that testimony uncritically. Though a "generous fact-finder might have believed [Javier's] version of the facts, both the BIA and IJ were clearly within reason on these facts and circumstances to conclude otherwise." *Alarcon-Serrano*, 220 F.3d at 1120.

**PETITION DISMISSED.**